## BARTLETT *v.* AUSTIN & WESTERN CO.

1. COURTS—CHANCERY—JURISDICTION—AMOUNT INVOLVED.

On the hearing of a bill by a taxpayer to set aside a contract by a highway commissioner for the purchase of a road machine and restrain the treasurer from making payments thereon, it appeared that the machine was to be paid for in five equal annual installments and that the money for the first payment had been collected, complainant's share thereof being $6.50. *Held*, that if the bill had no other office than to prevent the treasurer from paying money on the contract, it involved only $6.50, and there was no justification for filing it, the amount involved being insufficient to support jurisdiction. (Section 435, 1 Comp. Laws.)

2. TOWNSHIPS—TAXPAYER'S SUIT—TAXES VOLUNTARILY PAID

A taxpayer who has voluntarily paid the tax levied against him for a particular purpose has no interest in the money raised or any part of it upon which to base a suit to restrain the township treasurer from paying it out for the purpose for which it was raised.

3. SAME—LIEN ON LAND.

Payment, of itself, of money already raised by tax, for the purpose for which it was raised, does not affect a taxpayer's land, and an intention so to do is no occasion for him to ask an injunction against its payment on the ground that such an act will create a lien, or that it is an act which will result in a tax being levied.

4. COURTS—CHANCERY— JURISDICTION— RESTRAINING TAX LEVY— AMOUNT INVOLVED.

A suit by a taxpayer to set aside a contract for the purchase of a road machine is a suit to restrain proceedings leading to the assessment of a tax under Act No. 183, Pub Acts 1903, and must be dismissed where complainant's tax does not amount to $100; since, if it be claimed that the suit is not to restrain the levy and consequent lien upon complainant's land, of the value of more than $100, the suit must be dismissed as not involving $100 under section 435, 1 Comp. Laws.

Appeal from Lenawee; Chester, J. Submitted November 15, 1906. (Docket No. 14.) Decided January 4, 1907.

Bill by George W. Bartlett and Joseph L. Drake against the Austin & Western Company, Limited, and others, to set aside a contract on the ground of fraud, and to enjoin the collection of a tax.   From a decree for complainants, defendant Austin & Western Company appeals.   Reversed, and bill dismissed.

*John E. Bird,* for complainants.

*Fellows & Chandler,* for appellant.

HOOKER, J.   At its 1897 session, the legislature passed the following law:

"SEC. 2. That the commissioner of highways may, upon the request of one or more overseers of the highway districts of their township, contract for and purchase for such district or districts, upon credit or otherwise, if a majority of the taxpayers of one or more highway districts in any township, representing more than one-half of the taxable property in such district, or in each of such districts, to be ascertained by the last preceding assessment roll and certified to as such by the town clerk of the town, petition the commissioner of such township therefor, such commissioner may contract for purchase upon credit or otherwise a road machine for the use of such district or districts, which implement shall be used, cared for and owned by such district or districts jointly.   Such implement shall be paid for out of the highway tax of the district or districts for which they are purchased and may be paid for in annual installments not exceeding five years."   Act No. 173, Pub. Acts 1897.

In 1899 one Charles W. Pelham, a resident of Lenawee county, and alleged to have been an agent of the Austin & Western Company, Ltd., circulated petitions addressed to the highway commissioner of the defendant township, requesting him to purchase a road scraper for the use of road districts numbered 4, 17, 20, 25, and 33, in said township, in accordance with the provisions of the act quoted. These petitions, apparently signed by the requisite number of inhabitants of the respective districts, were presented to the commissioner and he purchased a scraper from

said company upon a contract, providing that it should be paid for in five annual installments with interest, and it was delivered to one of the districts, but was never used by any of them. Rumor became current that some of the names upon the petitions were forged, and, the money for the first payment having been raised by tax and collected, the complainants, resident landowners of one of said districts who were subject to taxation to pay for the scraper, filed the bill in this cause in 1901 to set aside the contract and enjoin payment by the treasurer, in whose hands the money theretofore raised then was, of any sum upon said contract. Complainants' tax for 1900 (i. e., the one collected) was $6.50. The bill prayed that the contract should be set aside, and injunctions, temporary and permanent, allowed, restraining the treasurer from paying any money upon the contract and for other relief. Defendant Austin & Western Company demurred, and, the demurrer being overruled, it answered. The bill was taken as confessed by Pelham and the township treasurer. Upon a hearing of the merits, relief was granted as prayed, and defendant Austin & Western Company has appealed.

The complainants in the case are private persons, with no interest in the subject of the controversy, except to avoid the payment of their proportionate share of the cost of the scraper. Upon the basis of the sum already paid, their tax, covering the remainder of the price of the scraper, amounts to less than $30. This affirmatively appearing in the testimony requires a dismissal of the bill, unless the case is ruled by a class of cases which hold that the value of the premises upon which the claim is, or may become, a lien, is the test of the amount involved, and that, in such case, where such value is more than $100, the statute has no application. The complainants rely upon these cases, claiming that, unless this contract shall be set aside, their land will be subject to a charge for the taxes to be raised to pay for the scraper. If it be conceded that complainant is right in this claim, he is still

confronted by Act No. 183, Pub. Acts 1903, reading as
follows:

"SECTION 1.  No decree shall be made or entered for
the complainant in any suit pending, or in any suit which
may be hereafter commenced, in any of the circuit courts
in chancery in this State, brought to restrain the proceed-
ings taken, or about to be taken, by any officer or officers
of any township, county or municipality, which may or
shall result in a tax being levied upon property, unless
the tax which may or shall be levied upon the property of
any such complainant shall amount to more than one
hundred dollars, and all such suits brought shall be dis-
missed by the court."

Complainants assert that this statute is not applicable,
because the bill does not ask the restraint of any tax, or
act that may or shall result in a tax being levied upon his
property.   If this bill has no other office than to prevent
the treasurer from paying money over on this contract, it
involves only $6.50, and there is no justification for filing
it: *First*, because the amount involved is insufficient to
support the case; *second*, because the complainants have
no interest in this money or any part of it, having vol-
untarily paid it for the use proposed to be made of it; and
*third*, the payment of this money of itself does not affect
complainant's land, and there is no occasion to ask an in-
junction against its payment upon the ground that such
act will create a lien, or that it is an act which will result
in a tax being levied.

It is only upon the theory that these officers have taken
some other act that may result in a tax, and therefore a
lien upon this land, that this bill could be sustained against
them, and, upon that theory, Act No. 183 would have
application.   Therefore the jurisdiction cannot be sus-
tained as against the officers.   The contention might be
made and perhaps counsel so intend to be understood,
though the brief does not clearly show it, that this con-
tract made between the officers of the township and the
other defendant is one which contemplates the levying of
a tax, and without which it cannot be lawfully performed,

and that, being true, it may result in a lien upon the land for such tax, and that, inasmuch as the bill does not in terms pray a decree restraining any proceedings taken or to be taken by any officers which may result in a tax, Act No. 183 does not affect the case. It must be manifest that the only object of this bill, in which the complainants have a pecuniary interest to the extent of $100, is the prevention of the levy of a tax upon land. There is no other ground to sustain any jurisdiction. Had this been a bill asking that such levy be restrained, Act No. 183 would have been an answer. That is none the less the object of the bill, although apparently it is to be accomplished by indirection. If it is not an attempt to get a decree which will have the effect of restraining the proceedings begun by the making of the contract and the levy of one installment of the tax, there is no jurisdiction under section 435, 1 Comp. Laws. If it is an attempt of that kind, there is no jurisdiction by reason of Act No. 183, and this result cannot be avoided by an evasive prayer, nor by a decree which omits to pass upon the only question upon which the jurisdiction could be sustained, viz., the tax lien.

The decree is reversed, and a decree will be entered in this court dismissing the bill, with costs of both courts.

CARPENTER, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.